IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROXANNE C.,

    Plaintiff,

v.                                                                                                          Civ. No. 23-233 GBW

CAROLYN COLVIN, *Acting Commissioner of the Social Security Administration[1]*,

    Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (West) with Supporting Memorandum. *Doc. 30*. Having considered the Motion and the attendant briefing (*docs. 31, 32*), the Court GRANTS the Motion IN PART.

    **I.**    **BACKGROUND**

Plaintiff filed an application for Social Security Income ("SSI") on July 11, 2017, alleging disability since June 2, 2017. Administrative Record ("AR") at 76-77. Plaintiff's application was denied on initial review on August 29, 2018, *id.* at 99, and again on reconsideration on March 14, 2019, *id.* at 129. On December 17, 2019, a hearing was held

---

[1] Carolyn Colvin is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil procedure, Carolyn Colvin should be substituted for Commissioner Martin O'Malley as the defendant in this suit.

1

by an Administrative Law Judge ("ALJ").  *Id.* at 35-75.  The ALJ issued an unfavorable decision on January 16, 2020.  *See id.* at 17-26.  Plaintiff sought review from the Social Security Administration's ("SSA") Appeals Council, which denied review on June 24, 2020, *id.* at 1, making the ALJ's denial the Commissioner's final decision, *see* 20 C.F.R. § 416.1484(d).  Thereafter, Plaintiff filed a complaint in this jurisdiction, and the case was reversed and remanded to the Commissioner for further administrative proceedings.  *Id.* at 1340-51; *see* Memorandum Opinion and Order, *Cook v. Kijakazi*, No. 2:20-cv-00871-LF, *doc. 29* (D.N.M. Jan. 31, 2022).

On remand, the ALJ conducted another hearing on December 22, 2022, AR at 1283-309, and issued a second unfavorable decision on January 17, 2023, *id*. at 1255-69.  On March 20, 2023, Plaintiff filed suit in this Court, seeking review of the ALJ's decision.  *Doc. 1*.  Plaintiff filed her Notice of Motion and Motion to Reverse or Remand Administrative Agency Decision on September 15, 2023.  *Docs. 18, 18-1*.  On December 13, 2023, the Commissioner filed an Unopposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g), *doc. 25*, which the Court granted on December 15, 2023, *doc. 26*.

Plaintiff filed her first Motion for Attorney's Fees Pursuant to the Equal Justice Act, 28 U.S.C. § 2412 (West) with Supporting Memorandum on March 14, 2024.  *See doc. 28*.  The Court denied that Motion without prejudice due to Plaintiff's failure to follow Local Rule of Civil Procedure 7.1.  *Doc. 29*.  Plaintiff then filed the instant conforming

2

Motion on March 21, 2024. *Doc. 30*. In the Motion, Plaintiff requests a total amount of $16,540.50 for 62.9 hours of attorney time at a rate of $245.00 per hour and 11.3 hours of paralegal time at a rate of $100.00 per hour. *Id*. at 2. The Commissioner filed her Response on March 28, 2024. *Doc. 31*. The Motion was fully briefed on April 11, 2024, with the filing of Plaintiff's Reply. *Doc. 32*.

## II.     LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a plaintiff in a civil action against a United States agency may be awarded the cost of reasonable attorney fees if: (1) the plaintiff is the prevailing party; (2) the position of the agency was not substantially justified; and (3) there are no special circumstances that would make the award unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

The agency bears the burden of showing that its position was substantially justified. *Id*. "Substantially justified" means "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be substantially justified, there must be a "reasonable basis both in law and fact" for the agency's position." *Id*. Substantial justification may be found where the agency's "litigating position was reasonable even if wrong." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

If the Court awards attorney's fees, the burden falls on the party requesting attorney's fees to establish the reasonableness of both the hourly rate and the number of hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Ultimately, the amount of

the attorney's fees to be awarded is a decision that lies within the Court's discretion. *See Pierce*, 487 U.S. at 571 (1988).

### III. ANALYSIS

Plaintiff requests attorney's fees of $16,540.50 for a total of 74.2 hours of work. *See doc. 30* at 2. In support of the request for EAJA fees, Plaintiff alleges that she was the prevailing party, her net worth is less than $2,000,000, and that the Commissioner's position was not substantially justified. *Id.* at 1. The Commissioner does not dispute that Plaintiff is entitled to recover attorney's fees but rather disputes the fees' reasonableness and requests a 25% reduction. *See doc. 31* at 1. In her Reply, Plaintiff challenges the Commissioner's arguments and seeks additional attorney's fees for the time expended in drafting the Reply. *See generally doc. 32*. For the reasons set forth below, the Court concludes that Plaintiff's initial fee request is unreasonable and will reduce it by 25%. Further, the Court will award 50% of the fees request by Plaintiff for time spent on fee litigation.

#### A. Reasonableness of EAJA Fee Awards

Once the Court determines that the government's position was not substantially justified, "then the [C]ourt should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished). The Court, in its discretion, may reduce an award by excluding hours that were not reasonably expended. *See* 28 U.S.C. §

2412(d)(1)(C); *Hensley,* 461 U.S. at 426, 437 (1983) (interpreting attorney-fee request under 42 U.S.C. § 1988); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*"). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the number of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quotation marks and citation omitted). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.* (quotation marks and citation omitted). While "an hour viewed in isolation may appear to be reasonable," it could "be unreasonable in the context of the litigation as whole." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986).

In assessing EAJA fee requests, district courts routinely note that it typically takes between twenty to forty hours to fully prosecute a social security appeal. *See*, *e.g.*, *Wiggins v. Kijakazi*, 2021 WL 3190333, at *2 (D.N.M. July 28, 2021); *Hwang v. O'Malley*,

2024 WL 5041115, at *2 (D. Utah Dec. 9, 2024); *Halencak v. Berryhill*, 2018 WL 3354886, at *2 (W.D. Okla. July 9, 2018). "More hours may be justified where the administrative record is especially extensive or where novel or complex issues are presented." *Dalton v. Berryhill*, 2018 WL 2694460, at *2 (D.N.M. June 5, 2018) (citation omitted). However, a large administrative record on its own "cannot transform [a plaintiff's] unreasonable request into a reasonable one." *Martin v. Kijakazi*, 689 F.Supp. 3d 218, 230 (E.D. Va. 2023) (finding 41.5 hours to review an over 4000-page administrative record to be excessive); *see also Christanelli v. Saul*, 2019 WL 6683866, at *2-3 (D.N.M. Dec. 6, 2019) (finding that an over 2000-page record did not justify a six-hour surfeit from the twenty-to-forty-hour benchmark); *Powell v. Comm'r of Soc. Sec.*, 418 F.Supp. 3d 1068, 1074-75 (M.D. Fla. 2019) (awarding 17.6 hours for review of a nearly 5,300-page record). "Not every page of the record requires a thorough review by counsel, and many require no more than a cursory glance." *Martin*, 689 F.Supp. 3d at 230. Furthermore, an attorney's experience and prior familiarity with the record may decrease the amount of time needed to spend reviewing the record or drafting a brief. *Dalton*, 2018 WL 2694460, at *2 (citing *Faircloth v. Barnhart*, 398 F.Supp. 2d 1169, 1172 (D.N.M. 2005)).

### B. Plaintiff's Initial Fee Request is Unreasonable and Excessive

In this case, the Court finds that Plaintiff's counsel billed an excessive number of hours. In recent cases of a similar posture (when the Court granted a stipulated remand after the plaintiff had submitted their motion to reverse or remand) this Court has

generally approved awards between fifteen and thirty hours of work. *See, e.g.*, Order Granting Unopposed Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, *Lula E. v. O'Malley*, No. 1:23-cv-00826-GBW, *doc. 29* (D.N.M. Sept. 17, 2024); Order Granting Stipulated Attorney Fees, *Romero v. O'Malley*, No. 1:23-cv-00410-GBW, *doc. 27* (D.N.M. Mar. 13, 2024); Order Granting Stipulated Attorney Fees, *Benavidez v. Kijakazi*, No. 1:22-cv-00276-GBW, *doc. 24* (D.N.M. Feb. 9, 2023). In this case, Plaintiff requests an award of 74.2 hours of professional time—over forty hours more than what this Court typically awards in a case with this procedural posture. *See doc. 30-1* at 3. Particularly excessive was the 47.8 hours counsel billed for review of the administrative record. *See doc. 30-2* at 3. Plaintiff's counsel explains that review of the record took this much time because it was 6,701 pages long. *See doc. 32* at 2-4. The Court agrees that the administrative record in this case was particularly voluminous. However, an adequate review of even a large record does not require a close reading of every page. *Martin*, 689 F.Supp. 3d at 230. In this case, the length of the record does not justify the massive departure from the usual number of hours billed in a social security appeal. *See Christanelli*, 2019 WL 6683866, at *2-3.

Plaintiff argues that the record's length stems from the Social Security Agency's "own regulatory changes," which require that "**all** records be submitted, not just relevant records." Doc. 32 at 3; *see also* 20 C.F.R. § 404.1512(b). If this is the case here, Plaintiff's counsel should have nonetheless been able to discern which parts of the

7

administrative record are relevant and thus require more attention. The fact that Plaintiff's counsel had represented Plaintiff in her prior social security appeal, *see* Memorandum Opinion and Order, *Cook v. Kijakazi*, No. 2:20-cv-00871-LF, doc. 29 (D.N.M. Jan. 31, 2022), demonstrates that Plaintiff's counsel had a familiarity with the case, and therefore less time was needed to review the administrative record. Though it is reasonable to bill for reading and taking notes on the administrative record, in the context of the litigation—as well as in the context of this Court and its sister courts' prior decisions—the amount of hours counsel billed in this case is unreasonable and excessive. *Mares*, 801 F.2d at 1210.

Because the Court agrees with the Commissioner and finds that the number of hours requested by Plaintiff's counsel is excessive, it will reduce Plaintiff's EAJA request by 25%. *See Hardister v. Kijakazi,* 2022 WL 2304284, at *2-3 (D. Utah June 27, 2022) (reducing an EAJA fee request by 25% when the time spent on preparation and other tasks was found to be outsized); *Shelby v. Colvin*, 2017 WL 383352, at *2 (E.D. Okla. Jan. 27, 2017) (same). The Court thus reduces Plaintiff's total requested fees by 25% and will award Plaintiff $12,405.38 for work on Plaintiff's claim for social security benefits.

### C. Plaintiff May Recover for Time Spent on Fee Litigation

Plaintiff's counsel also seeks to recover $1,176.00 for time spent drafting the Reply to Defendant's Response to Plaintiff's Motion for Attorney's Fees Pursuant to the EAJA. *Doc. 32* at 11. The Commissioner objects to a full award. *Doc. 31* at 7 n.1. For the

8

reasons outlined below, the Court will grant Plaintiff's request in part, reducing Plaintiff's request by 50% and awarding $588.00.

A fee award under the EAJA may include compensation for all aspects of the action, including compensation for fee litigation. *Comm'r, I.N.S.*, 496 U.S. at 161. The district court retains discretion to assess the reasonableness of those fees. *Id.* at 163. Moreover, the district court is required "to consider the relationship between the amount of the fee awarded and the results obtained," and "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Id.* n.10 (citing *Hensley*, 461 U.S. at 437). In instances like the case at bar where the EAJA requests were unreasonable and plaintiff's counsel requested an award for hours spent defending those requests, courts have reduced the award for fee litigation. *See, e.g.*, *Hardister*, 2022 WL 2304284, at *3; *Shelby*, 2017 WL 383352, at *2.

For the reasons outlined in this opinion, Plaintiff did not prevail over the government's objections to the fee award. Considering that Plaintiff's counsel's reply was ultimately in defense of an unreasonable fee award, and that litigation for such fees are generally disfavored, the Court will reduce Plaintiff's fee request for preparation of her Reply to Defendant's Response to Plaintiff's Motion for Attorney's Fees Pursuant to EAJA (*doc. 32*) by 50% and award Plaintiff $588.00.

9

### IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (West) with Supporting Memorandum (*doc. 30*) is GRANTED IN PART and Plaintiff is awarded $12,996.38 under the EAJA.  *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED that, if Plaintiff's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**